IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. EVANS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1411 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                    **July 7, 2023**

In this prisoner civil rights action, pro se Plaintiff James D. Evans seeks damages and equitable relief for injuries he sustained because of his placement in prison cells that did not accommodate his disability. Because Evans has failed to respond to this Court's May 8, 2023 show cause order or to prosecute this action, the case will be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b).

**BACKGROUND**

Evans commenced this case on April 7, 2022 by filing a motion for leave to proceed in forma pauperis. The Court granted the motion on April 15, 2022, and Evans's Complaint was deemed filed. In his Complaint, Evans claims that, while in the custody of the City of Philadelphia, he was placed in a couple of inaccessible prison cells, causing him to suffer injuries which prison staff ignored.[1] He seeks damages and equitable relief in the form of accessible prison cells. Defendants the City of Philadelphia, Police Commissioner Danielle Outlaw, Philadelphia Department of Prisons Commissioner Blanche Carney, the Warden of the Philadelphia Detention Center, and the Warden of Curran-Fromhold Correctional Facility filed an Answer on June 28, 2022. The Court then attempted to obtain counsel for Evans through the "Prisoner Pro Se Civil

---

[1] In September 2022, Evans wrote to notify the Court of a new address.

1

Rights Panel." When those efforts were unsuccessful, the Court notified Evans he would be required to represent himself if he wished to proceed with this case and issued a case management order on December 20, 2022, setting all deadlines for discovery, dispositive motions practice, and trial.

On December 27, 2022, Evans wrote via email to inform the Court and opposing counsel that he was in the hospital with significant medical issues that prevented him from litigating the case. Email, Dec. 27, 2022, ECF No. 20-1. He renewed his prior request for appointment of counsel and, in the alternative, asked for a settlement conference. *Id.* Evans also shared that he was homeless at the time. *Id.*

On May 5, 2023, Defendants filed a motion to extend all case deadlines by 60 days due to Evans's failure to meaningfully engage with their attempts to seek discovery. ECF No. 25. The motion noted that, following email correspondence on December 28, 2022, Evans "ceased all communication with undersigned counsel." *Id.* at 2. Though counsel "made numerous attempts to contact Plaintiff via telephone and email correspondence" and scheduled his deposition, Evans did not respond to any attempts to contact him via phone or email and did not appear for the deposition. *Id.* When Defendants filed this motion, the deadlines for discovery and Plaintiff's expert report had already passed. *See* Order, Dec. 20, 2022, ECF No. 19. On May 8, 2023, the Court denied the motion without prejudice and ordered Evans to show cause by June 7, 2023, why the case should not be dismissed. Order, ECF No. 26. Evans has not responded to the show cause order or communicated with the Court or opposing counsel since December 28, 2022.

**DISCUSSION**

Evans has thus failed to prosecute this case and to obey the Court's scheduling order. A district court has the inherent power to dismiss a case sua sponte for failure to prosecute. *See Link*

*v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Federal Rule of Civil Procedure 41(b), which authorizes a defendant to move to dismiss an action for failure to prosecute, did not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."). Similarly, a district court, "[o]n motion or on its own . . . may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A), in turn, authorizes a court to order a range of sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Before dismissing a case as a sanction for a party's litigation conduct, however, a district court must consider and balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (noting a court must consider the *Poulis* factors when dismissing a case for failure to prosecute under Rule 41(b) and when dismissing a case for failure to respond to discovery pursuant to Rule 37(b)). No single factor is dispositive, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). The Court need not, however, engage in an analysis of the *Poulis* factors when a party willfully abandons his case or otherwise makes adjudication of the matter impossible. *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

Given Evans's failure to communicate with the Court or opposing counsel since December 2022, it is questionable whether an analysis of the *Poulis* factors is necessary. But even if it is, the factors weigh in favor of dismissal.

First, as a pro se litigant, Evans bears personal responsibility for his failure to respond to Defendants' discovery requests or to this Court's May 8, 2023 show cause order. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (noting a pro se plaintiff's failure to comply with court orders "could not be blamed on counsel."). Second, Evans's failure to respond to discovery has prejudiced Defendants by hampering their ability to defend against his allegations and by delaying the progress of this litigation. Third, this is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available or appropriate, given Evans's in forma pauperis status and circumstances. *See Briscoe*, 538 F.3d at 262-63.

Of the remaining *Poulis* factors, two are neutral. As to a history of dilatoriness, Evans did not delay this case prior to December 2022, but during that period there was limited activity by all parties. And the Court cannot analyze the meritoriousness of his claims due to the lack of discovery. As to the final factor, the circumstances facing Evans – his hospitalization and homelessness – indicate his failure to litigate has likely not been due to willfulness or bad faith misconduct. This factor is the only one that weighs against dismissal.

Though the Court acknowledges the challenging situation facing Evans, three of the *Poulis* factors weigh strongly in favor of dismissal, and it is impossible to adjudicate the case without his participation. Accordingly, this case will be dismissed without prejudice for failure to prosecute and failure to respond to the Court's show cause order.

An appropriate Order follows.

BY THE COURT:

<u>  /s/ Juan R. Sánchez</u>
Juan R. Sánchez, C.J.